UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLEO BROWN,
    Petitioner,

v.

PA DEPARTMENT OF CORRECTIONS, et al,
    Respondents.

Case No. 3:10-CV-1194

(Judge Kosik)

FILED
SCRANTON
JAN 25 2011

PER _____
DEPUTY CLERK

## MEMORANDUM AND ORDER

NOW, THIS 25th DAY OF JANUARY, 2011, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Cleo Brown, an inmate formerly confined at Cambria County Prison[1] filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 4, 2010;

(2) In his petition, petitioner is seeking immediate release from custody on the grounds that the conditions placed on his parole, namely that he participate in sex offender and violence prevention training at a community corrections center, violates his right to due process;

(3) The matter was assigned to Magistrate Judge Martin C. Carlson;

(4) On December 14, 2010, the Magistrate Judge filed a Report and Recommendation (Doc. 16) in which he recommended that the petition for writ of habeas corpus be denied;

(5) Specifically, the Magistrate Judge reviewed the merits of Petitioner's claims and found

---

[1] We note that the Report and Recommendation of Magistrate Judge Martin C. Carlson dated December 14, 2010 was returned to the Clerk's Office marked "Return to Sender" indicating that service of the Report and Recommendation on Petitioner at the Cambria County Prison was attempted, but that Petitioner was no longer there. No forwarding address was provided.

that there is no constitutional right to parole, that the Parole Board's decision to require Petitioner to participate in sex offender and violence prevention training at an approved community corrections center as a condition of his parole was not constitutionally impermissible, and that it was reasonable for the Board to take Petitioner's prior criminal history, which included a conviction for a sexual assault, into consideration when imposing conditions on Petitioner's parole;

(6) As we indicated earlier, it appears that Petitioner is no longer located at the Cambria County Prison and that no forwarding address has been provided, thus no objections have been filed to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(7) If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a de novo review of his claims. 28 U.S.C.. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F. 2d 874, 878 (3rd Cir. 1987).

(8) Having considered the Magistrate Judge's Report, we agree with the Magistrate Judge's conclusion that Petitioner failed to articulate a legitimate due process claim based upon the conditions imposed by the Board and we will adopt the recommendation that the petition for writ of habeas be denied.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated December 14, 2010 (Doc. 16) is adopted;

(2) The petition for writ of habeas corpus (Doc. 1) is denied;

(3) The Clerk of Court is directed to close this case and to forward a copy of this Memorandum and Order to the Magistrate Judge;

and,

(4) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

_____
Edwin M. Kosik
United States District Judge